IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>NICHOLAS ORICK,<br><br>           Defendant. | 4:14-CR-3056<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR and moved for a departure or variance. Filings 58 and 59.

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)   in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a

>  principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the PSR and moved for a departure or variance. Filings 58 and 59. The Court will resolve defendant's motion for a departure or variance (filing 59) at sentencing. The Court has considered the defendant's objection, and tentatively finds it to be without merit.

   The defendant has pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The guideline for § 2250(a) offenses is found at U.S.S.G. § 2A3.5. Under that guideline, a defendant's base offense level is tied to his registration status under the Sex Offender Registration and Notification Act (SORNA), 120 Stat. 590, 42 U.S.C. § 16901 *et seq*. SORNA places offenders in one of three "tiers" based upon the nature of the offense that triggered registration. *See* 42 U.S.C. § 16911. The probation officer recommended that the defendant be considered a "Tier II" offender, with a resulting base offense level of 14. PSR at ¶ 24. The defendant has objected to this determination. He maintains that he is properly classified as a Tier I offender, with an accompanying base offense level of 12. *See* U.S.S.G. § 2A3.5(a)(3).

   A Tier II sex offender is an individual whose offense "is comparable to or more severe than" one of several offenses, including "abusive sexual contact (as described in section 2244 of Title 18)." 42 U.S.C. § 16911(3)(A)(iv). Section 2244, in turn, defines abusive sexual contact as "knowingly engag[ing] in or caus[ing] sexual contact with or by another person," if to do so would violate one of several statutes, including 18 U.S.C. § 2243(a). 18 U.S.C. § 2244(a)(3). And § 2243(a) prohibits "knowingly engag[ing] in a sexual act with another person who-- (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). In sum, if an individual commits an offense that is comparable to or more severe than that described in § 2243(a), that individual is a Tier II sex offender.

   The probation officer found that the defendant qualified as a Tier II offender based upon his 2003 California conviction for unlawful sexual intercourse. Specifically, the defendant was convicted of a violation of California Penal Code § 261.5(d), which prohibits any person 21 years of age or older from engaging in an act of unlawful sexual intercourse with a minor who is under 16 years of age. West's Ann. Cal. Penal Code § 261.5(d); PSR ¶ 35.

- 2 -

    The Court's tentative finding is that the probation officer's determination was correct. The defendant's prior conviction was for an offense comparable to or more severe than that described in 18 U.S.C. § 2243(a). The defendant's argument to the contrary is based upon a misreading of 42 U.S.C. § 16911. He contends that, to qualify as a Tier II offense, a prior offense must satisfy not only the criteria of subsection (3)(A) of § 16911, but also subsections (3)(B) and (C). However, § 16911(3) is phrased in the disjunctive, and an offense need only fall within (A), (B), or (C) to qualify the offender for Tier II status. The Court tentatively finds the defendant's objection to be without merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of October, 2014.

                                  BY THE COURT:

                                  *John M. Gerrard*
                                John M. Gerrard
                                United States District Judge